IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTHONY L. BEACHAM, | : |
| Plaintiff | : |
| VS. | : |
| | : Case No.: 1: 09-CV-51 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The plaintiff herein filed this Social Security appeal on March 23, 2009, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."

*Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## ISSUES

**I. Whether the ALJ erred in finding that the plaintiff's impairments did not meet a medical listing.**

**II. Whether the ALJ failed to identify specific jobs consistent with plaintiff's residual functional capacity.**

**III. Whether the ALJ failed to make the proper findings regarding noncompliance.**

### *Administrative Proceedings*

The plaintiff filed an application for supplemental security income benefits on April 27, 2004, alleging disability since April 3, 2001, due to epilepsy. (T-65-67).  His claim was denied initially and upon reconsideration.  (T-28-37, 40-43).  A hearing was held before an ALJ in Albany, Georgia on July 25, 2006.  (T-567-91).  Thereafter, in a hearing decision dated June 25, 2007, the ALJ determined that the

plaintiff was not disabled. (T-18-27). The Appeals Council denied review on January 28, 2009, making the June 2007, decision the final decision of the Commissioner (T-5-7).

## *Statement of Facts and Evidence*

The plaintiff was twenty-two (22) years of age at the time of the ALJ's decision. (T- 28, 72). He completed the tenth grade and has no past relevant work experience. (T-573, 25). In 2002, at the age of sixteen (16), the plaintiff suffered a head injury while playing football, and thereafter has suffered from epilepsy, with recurring seizures, and diminished mental capacity. As determined by the ALJ, Plaintiff suffers from severe impairments in the form of a seizure disorder, controlled. (T-20). The ALJ found that the plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, remained capable of performing work at any exertional level, with no exertional limitations. (T-23). After receiving vocational expert testimony, the ALJ determined that the plaintiff could perform jobs which existed in substantial numbers in the national economy and he was thus not disabled. (T-26).

## DISCUSSION

**I. Did the ALJ err in finding that the plaintiff's impairments did not meet a medical listing?**

The plaintiff argues that the ALJ erred in finding that his impairments did not meet or equal listing 12.05(c), which addresses disability based on mental retardation. Listing 12.05, entitled "Mental retardation", provides that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." Part C of this listing dictates a finding of disability when a claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function". The Commissioner does note the ALJ's findings regarding whether

plaintiff's mental functioning qualified as a separate severe impairment at Step Two of the sequential evaluation process, but there is no clear indication that the ALJ applied these findings to a Step Three analysis.  Furthermore, the plaintiff argues that he suffers from a severe impairment in the form of a Full-Scale IQ of 70, with a performance IQ of 69, and that his mental impairment in the form of mental retardation was caused by a sudden trauma, a football injury, in 2002.  Plaintiff maintains that he also suffers from deficits in adaptive functioning, having failed to pass the GED exam and scoring low scores in several areas of academic achievement.

In regard to whether the plaintiff suffers from an impairment or combination thereof that meets or medically equals a listed impairment, the ALJ focused solely on the plaintiff's epilepsy condition, and found that "[t]he evidence of a seizure disorder fails to establish the frequency of episodes or evidence of alternation of awareness, loss of consciousness, transient postictal manifestations, unconventional behavior, or significant interference with daily activity necessary to meet or equal the requirements of listing 3.02." (T - 22).  There is no indication in the ALJ's decision that he considered whether the plaintiff's seizure condition, in combination with lower level mental functioning, met or equaled Listing 12.05C.

"[A] claimant meets the criteria for presumptive disability under Listing 12.05(c) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment."*Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001).  Evidence of plaintiff's IQ scores, issued in September 2006, was submitted by the plaintiff following the hearing before the ALJ in July 2006, but before the issuance of his decision in June 2007.  (T - 185-193).  Plaintiff argues that school records, as well as his continued inability to successfully obtain his GED, evidence  deficits in his adaptive functioning, dating back to the injury he sustained in 2002.  Inasmuch as the ALJ's decision does not clearly reveal the consideration of whether plaintiff's conditions met or equaled Listing 12.05C, and

it appears that the record contains evidence to support such a finding, remand is necessary to elicit further consideration by the ALJ.  On remand, the ALJ should further consider whether findings regarding plaintiff's residual functional capacity are consistent with findings regarding jobs he could perform, and whether the issue of noncompliance was treated properly.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, the Commissioner's decision is hereby **REVERSED and REMANDED** for further consideration pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this  26th  day of **March, 2010.**

　　　　　　　　　　　　　　　　　　　　 /s/ W. Louis Sands
　　　　　　　　　　　　　　　　　　　**THE HONORABLE W. LOUIS SANDS,**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**